FILED
SEP 21 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of
Black LG cellphone, Serial Number #412CYQX0431980; a Silver LG cellphone, IMEI#014356-00-318752-3; a Blue Samsung cellphone, IMEI#354796/06/771557/8; and a Red Samsung cellphone, IMEI#356566050503804, CURRENTLY LOCATED AT 4328 WATT AVENUE, SACRAMENTO, CALIFORNIA

Case No. 2:18-SW-0806 CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the Eastern District of California, there is now concealed *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846; | Possession with intent to distribute cocaine and conspiracy |
| 18 U.S.C. § 922 (g) | Felon in possession |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☐ Continued on the attached sheet.

☐ Delayed notice ____ days (give exact ending date if more than 30 ________) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

BRIAN NEHRING DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/21/2018

[signature]
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

**Affidavit In Support of an Application Under Rule 41 a Warrant to Search Device**

I, Brian Nehring, being first duly sworn, hereby depose and state as follows:

**Introduction and Agent Background**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property-electronic devices- which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent of the Drug Enforcement Administration (DEA), San Francisco Field Division, and have been so employed since 1991. I have had numerous assignments since beginning with DEA, including being assigned to the Clandestine Laboratory Enforcement Team from 1997 to 1999, the Oakland Resident Office between 1999 and 2002, and the Mobile Enforcement Team (MET) between 2002 and 2004. I have been assigned to the Sacramento Division Office since September of 2004.

3. I have received specialized training in narcotic investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, drug identification, and asset identification and removal, from the Drug Enforcement Administration (DEA). In addition, I graduated from the DEA Basic Agents Academy at the FBI Academy at Quantico, Virginia. In total, I have received in excess of 500 hours of comprehensive formalized classroom instruction in those areas outlined above.

4. I have assisted in the execution of more than four hundred (400) warrants to search particular places or premises for controlled substances and/or related paraphernalia, indicia and other evidence of violations of federal drug narcotics statutes. As a result, I have encountered and become familiar with various tools, methods, trends, and paraphernalia and related articles utilized by traffickers in their efforts to import, conceal, manufacture and distribute controlled substances. Central to all trafficking efforts, regardless of the drug, is the traffickers' effort to make a profit from those dealings or transactions, either for the purchase of additional substances or material gain. I have been actively involved as case agent in excess of two hundred (200) investigations and have talked with confidential informants involved in the trafficking of narcotics, and this has formed the basis of my opinions.

5. I have been qualified as and have testified as an expert witness in both federal and state court in the Northern and Eastern Districts of California and in counties including Alameda, Contra Costa, Solano, Sacramento and others. These areas of

qualification have included possession for sale, possession with intent to distribute, manufacturing of a controlled substance and cultivation.

6. Based on my training and experience, I know that narcotics traffickers us mobile telephones to communicate with one another, either by voice or text message. Mobile telephones preserve in their memory a history of incoming, outgoing, and missed calls, which can lead to evidence of the telephone numbers of other narcotics traffickers and the dates and times that they and/or the mobile telephone user dialed one another's telephones. Mobile telephones also contain in their memory a telephone book. This allows the user to store telephone numbers and other contact information; the information stored in a telephone used by a narcotics trafficker is evidence of the associations of the narcotics trafficker, some of which are related to his or her illegal business.

7. Based on my training and experience, I know that mobile telephones also contain in their memory text messages sent, received, and drafted by the mobile telephone user. The text message history of a narcotics trafficker's mobile telephone can contain evidence of narcotics trafficking because it shows the communications or planned communications of a narcotic trafficker and the telephone numbers of those with whom the narcotics trafficker communicated or intended to communicate. Mobile telephones also have a voicemail function that allows callers to leave messages for each other and this is evidence both of their mutual association and possibly their joint criminal activity. Mobile telephones can also contain other user-entered data files such as "to-do" lists, which can provide evidence of crime when used by a narcotics trafficker. Mobile telephones can also contain photographic data files, which can be evidence of criminal activity when the user was a narcotics trafficker who too pictures of evidence of a crime. Mobile telephone companies also store the data described in this paragraph on their serves and associate the data with particular users' mobile telephones.

8. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does hot set forth all of my knowledge about this matter.

## II. IDENTIFICATION OF THE DEVICES TO BE EXMINED

9. The property to be searched are:

a) Black LG cellphone, Serial Number #412CYQX0431980;
b) Silver LG cellphone, IMEI#014356-00-318752-3;
c) Blue Samsung cellphone, IMEI#354796/06/771557/8;
d) Red Samsung cellphone, IMEI#356566050503804.

These devices are currently located at 4328 WATT AVENUE, SACRAMENTO, CALIFORNIA.

## III. PROBABLE CAUSE

10. Between December 2014 and May of 2015, I met in an undercover capacity with an individual identified as Sergio AMBRIZ during which I purchased multiple ounce quantities of cocaine. On four occasions, the first in Sacramento and the last three in El Dorado Hills, I purchased a total of over 500 grams of cocaine from AMBRIZ. During each of these meetings, agents conducting surveillance observed AMBRIZ meeting with an individual identified as Benjamin MACIAS in close proximity to the transactions either immediately before or immediately afterwards, although most times they either to or from the transactions separately. This led me to believe that MACIAS was AMBRIZ's cocaine source of supply he was meeting with to obtain the cocaine immediately before the transactions and to pay him the money owed immediately afterwards. During these transactions, MACIAS was observed driving vehicles registered to him to include a black 2008 Chrysler 300 sedan.

11. Prior to June 9th, 2015, I obtained arrest warrants for AMBRIZ, MACIAS, MACIAS's black Chrysler 300 sedan and any telephones on their person's to include particular numbers believed utilized by them at the time.

12. I arranged with AMBRIZ to purchase approximately a half kilogram of cocaine on June 9th, 2015, to be delivered at El Dorado Hills Town Center Shopping Complex. AMBRIZ met me at the location and indicated he was about to obtain the cocaine from his source. At the same time, agents conducting surveillance observed MACIAS driving his black 2008 Chrysler 300 sedan throughout the complex. After separating from me AMBRIZ was observed approaching MACIAS's vehicle but it was believed that MACIAS observed law enforcement and he sped past AMBRIZ and away from the complex and was pursued by officers as he drove at a high rate of speed west bound on Highway 50 towards Folsom, California. AMBRIZ was placed under arrest at which time officers located a **Black LG cellphone, Serial Number #412CYQX0431980** on his person.

13. Continuous aerial surveillance was maintained of MACIAS's vehicle and when he exited Highway 50 at the Folsom Boulevard exit officers were directed to his location and detained his vehicle and took him into custody. During a subsequent search of MACIAS's vehicle, officers located a loaded 9mm semi-automatic pistol in the glovebox and two cellphones, **a Silver LG cellphone, IMEI#014356-00-318752-3** and a **Blue Samsung cellphone, IMEI#354796/06/771557/8**, in the interior of the vehicle. Officers also located a **Red Samsung cellphone, IMEI#356566050503804** on MACIAS's person. In the trunk of the vehicle I located a bag of apparent groceries in which I located a large amount of suspected cocaine which was analyzed by the DEA Western Regional Laboratory as containing 508 grams of cocaine.

14. I have reviewed court records, which indicate that MACIAS has a felony conviction.

15. I spoke to AMBRIZ subsequent to his arrest and he admitted that MACIAS had been his source for all of the cocaine he had sold me and had been the individual whom he had attempted to obtain the cocaine from that day. In arranging the transactions with

AMBRIZ I relied exclusively on contacting him at several different cellphone numbers and I believe he did the same with MACIAS, and I believe it is highly likely that there is evidence of the telephone contacts and text messages between them on the seized telephones arranging these transactions as well.

16. The Devices are currently in the lawful possession of the Drug Enforcement Administration's possession in the following way: seized during an arrest for a violations of a federal drug statute on a duly issued federal arrest warrant and search warrant that included a provision for the search of any cellphone located on their person. Therefore, while the Drug Enforcement Administration might already have the necessary authority to examine the devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the devices will comply with the Fourth Amendment and other applicable laws.

## IV. TECHNICAL TERMS

17. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of all calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading form the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.
    b) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.
    c) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDSs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include

various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

18. Based on my training, experience, and research, I know that the devices have the capability to allow them to serve as wireless telephone, digital camera, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.

20. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were sued, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the devices because:

a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).
b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.
c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.
d) The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.
e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes is necessary to establish that a particular thing is not present on a storage medium.

21. Nature of examination. Based on the forging, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22. Manner of execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI. CONCLUSION

23. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the devices described in Attachment A to seek the items described in Attachment B.

///

///

///

///

///

///

///

///

///

///

///

///

///

24. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation searched at this time. Based upon by training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and severely jeopardize its effectiveness.

Brian Nehring, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before
me on the 21st day of September 2018

United States Magistrate Judge

Approved as to form:

Paul Hemesath
Assistant U.S. Attorney

**Attachment A**

The property to be searched is:

a) Black LG cellphone, Serial Number #412CYQX0431980;
b) Silver LG cellphone, IMEI#014356-00-318752-3;
c) Blue Samsung cellphone, IMEI#354796/06/771557/8;
d) Red Samsung cellphone, IMEI#356566050503804.

This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

**Attachment B**

1. All records on the devices described in Attachment A that relate to violations of 21 U.S.C. 841(a)(1), 846, and 843 and involve Benjamin MACIAS, Sergio AMBRIZ and their co-conspirators including:

   a) Lists of customers and related identifying information;

   b) Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c) Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d) Any information recording Benjamin MACIAS, Sergio AMBRIZ and their co-conspirators schedule or travel;

   e) All bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including text messages, voicemail messages or voice notes, any form of computer or electronic storage (such as flash memory or other media that can store data), videos, and any photographic form.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of
Black LG cellphone, Serial Number #412CYQX0431980; a Silver LG cellphone, IMEI#014356-00-318752-3; a Blue Samsung cellphone, IMEI#354796/06/771557/8; and a Red Samsung cellphone, IMEI#356566050503804, CURRENTLY LOCATED AT 4328 WATT AVENUE, SACRAMENTO, CALIFORNIA

Case No. 2:18-SW-0806 CKD

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Eastern District of California *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before 10/5/2018 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ______________.

Date and time issued: 9/21/2018 11:56 am

[signature]
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| --- | --- | --- |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

Signature of Judge

Date

**Attachment A**

The property to be searched is:

a) Black LG cellphone, Serial Number #412CYQX0431980;
b) Silver LG cellphone, IMEI#014356-00-318752-3;
c) Blue Samsung cellphone, IMEI#354796/06/771557/8;
d) Red Samsung cellphone, IMEI#356566050503804.

This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

**Attachment B**

1. All records on the devices described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1), 846, and 843, and 18 U.S.C. § 922(g) and involve Benjamin MACIAS, Sergio AMBRIZ and their co-conspirators including:

   a) Lists of customers and related identifying information;

   b) Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c) Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d) Any information related to the MACIAS's possession or purchase of firearms (including names, addresses, phone numbers, or any other identifying information);

   e) Any information recording Benjamin MACIAS, Sergio AMBRIZ and their co-conspirators schedule or travel;

   f) All bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including text messages, voicemail messages or voice notes, any form of computer or electronic storage (such as flash memory or other media that can store data), videos, and any photographic form.